```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


CURTIS PITTER, # 12208-031                              PETITIONER

VERSUS                               CAUSE NO. 3:22cv714-TSL-MTP

WARDEN PAUL BOULET                                      RESPONDENT
```

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the court sua sponte. Pro se petitioner Curtis Pitter filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241. He is presently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi and attacks his drug and money laundering convictions. The court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On December 9, 2022, Pitter filed the instant habeas petition challenging his drug and money laundering convictions handed down from the United States District Court for the District of Kansas. In 2011, he pled guilty and was convicted of conspiracy to distribute at least 1,000 kilograms of marijuana, engaging in a continuing criminal enterprise, using a cell phone in furtherance of the drug conspiracy, conspiracy to launder money, two counts of money laundering, and attempted possession with intent to distribute more than 50 kilograms of

marijuana.  United States v. McDowell, 2:09cr20133 (D. Kan. Apr. 8, 2011).  Just prior to pleading guilty, he had argued that the trial court was not an Article III court, and therefore had no jurisdiction to try him, and that Title 21 of the United States Code was not properly enacted, and thus his drug charges did not constitute crimes.  United States v. McDowell, 2:09cr20133 (D. Kan. Apr. 5, 2011).  The trial court rejected these claims.  Id. Pitter was later sentenced to a total of 360 months in the custody of the Bureau of Prisons.  McDowell, 2:09cr20133 (D. Kan. Apr. 8, 2011).  On appeal, he argued again that the trial court lacked jurisdiction and that Congress lacked authority to criminalize his conduct.  United States v. Pitter, 489 F. App'x 271, 273-74 (10th Cir. Jul. 18, 2012).  The Tenth Circuit Court of Appeals held there were no nonfrivolous issues and dismissed the appeal.  Id. at 275.  The United States Supreme Court denied certiorari.  Pitter v. United States, 569 U.S. 983 (2013).

Before he was sentenced, Pitter had filed his first § 2241 Petition.  Pitter v. Richardson, 5:11cv3223 (D. Kan. Dec. 21, 2011).  Among other things, he argued that the United States District Attorney exceeded his authority in charging him and that the District of Kansas was the improper venue to try the criminal case.  Pitter v. Richardson, 5:11cv3223 (D. Kan. Jan.

2

27, 2012).  The District of Kansas court dismissed the case as not proper under § 2241.  Id. at 2.  The case was dismissed without prejudice to his right to assert the claims in a motion to vacate, pursuant to 28 U.S.C. § 2255.  Id.

Nevertheless, Pitter filed another § 2241 Petition on December 31, 2014.  Francois-Bey v. Keaton, 2:14cv2818 (D. Ariz. Apr. 7, 2015).[1]  He argued, among other things, that the laws establishing the drug crimes were not properly enacted by Congress and the trial court had no jurisdiction to convict him.  Id. at 1, 3.  The District of Arizona court dismissed the petition.  Id. at 3.  The Ninth Circuit Court of Appeals affirmed, holding that the attacks on the legality of his convictions, "[a]s this court already advised [him], must be raised in a 28 U.S.C. § 2255 motion in the District of Kansas where he was sentenced."  Francois-Bey v. Keaton, 715 F. App'x 668, 668-69 (9th Cir. Mar. 19, 2018).

Pitter returned to the District of Kansas, but he filed a "Motion Requesting an Emergency Hearing to Release Movant" because of COVID-19, which that court construed as a motion for release under 18 U.S.C. § 3582.  United States v. McDowell, 2:09cr20133 (D. Kan. May 27, 2020).  The motion was denied.  Id.

---

[1] This case was prosecuted under the name Michael Francois-Bey, one of Pitter's aliases.

at 2.

Pitter then filed another § 2241 Petition in this court. Pitter v. Withers, 3:22cv339 (S.D. Miss. Oct. 27, 2022). He once again argued that the trial court lacked jurisdiction and the prohibitions against his drug conduct were not properly enacted into law. Id. at 2-3. This court held that the claims did not satisfy the savings clause and so were not properly raised under § 2241. Id. at 4-5. Pitter did not appeal.

Rather, less than two months later, Pitter filed the instant § 2241 Petition. He once again raises the following challenges to his convictions: (1) the trial court lacked subject matter jurisdiction over his criminal case and (2) Title 21 of the United States Code, which serves as the basis for his drug convictions, was not properly enacted into law. He asks the court to discharge him from custody.

## DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.

4

2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. Cox v. Warden, 911 F.2d 1111, 1113 (5th Cir. 1990).

Pitter argues that the trial court improperly convicted him. This argument does not challenge the execution of his federal sentences but instead attacks the validity of his sentences. Therefore, the claims are not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." Wesson v. U.S. Penitentiary, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit Court of Appeals holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Pitter bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. Id. at 901.

Pitter does not address the savings clause, and he fails to point to a retroactively applicable Supreme Court case to demonstrate that he was convicted of a nonexistent offense. Therefore, his claims fail the first prong of the savings clause test.

Since Pitter's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with them under § 2241. Accordingly, the Petition shall be dismissed as frivolous. To the extent the Petition can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction. Pack, 218 F.3d at 454.

Not only is the Petition frivolous, it is also an attempt to relitigate prior habeas petitions which were decided adversely to Pitter. Indeed, this court has already ruled that the claims fail to satisfy the savings clause. This was a final judgment, that Pitter did not appeal. "Section 2241 is simply not available to prisoners as a means of challenging a result previously obtained from a court considering their petition for habeas relief." Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000). Therefore, to the extent this current request for habeas relief merely repeats Pitter's previous habeas petitions, it is an abuse of the writ. Davis v. Fetchel, 150 F.3d 489, 490-91

(5th Cir. 1998).  Any future frivolous habeas petitions may be found to be an abuse of the writ and lead to the imposition of sanctions, including, but not limited to, monetary fines or restrictions on his ability to proceed pro se in this court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 3rd day of February, 2023.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

7